(Pleito No. 176.—Fallado el 1º de Marzo de 1902.)

## Giménez contra Ayguabibas.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

Personalidad. Cuando no se alega la falta de personalidad fundándola en que no tiene el demandante acción para pedir el recurso, es improcedente, porque la falta de personalidad de que trata el Artículo .1691, caso 20, es la que nace de privación de pleno ejercicio de derechos civiles.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á primero de Marzo de mil novecientos dos, en los autos que ante Nos penden, en virtud de recurso de casación por quebrantamiento de forma y por violación de ley, interpuesto en el pleito seguido en el Tribunal de Distrito de Mayagüez por Ulises Giménez, Director de "La Caja de Economías y Préstamos de San Germán", contra Don Juan Ayguabibas, propietario, en cobro de pesos, intereses y costas; en cuyo pleito han intervenido los Sres. Sabater y Cª, comerciantes de Mayagüez, con el fin de que se revoque un mandamiento de embargo dictado contra ciertos terrenos. Dicho Tribunal de Distrito ha pronunciado dos autos contra los que el citado Ulises Giménez, Director de "La Caja de Economías y Préstamos de San Germán," ha interpuesto recurso ante este Tribunal, siendo representado por Don Antonio Alvarez Nava; y los Sres. Sabater y Cª por Don Herbert E. Smith; no siendo representado el referido Don Juan Ayguabibas.—1º Resultando: Que el Tribunal sentenciador consigna los hechos en los resultandos siguientes: En el auto de Julio quince de mil novecientos uno:—"Resultando: Que el Director de "La Caja de Economías y Préstamos de San Germán," con fecha doce de Marzo de mil novecientos acudió ante este Tribunal con un pagaré suscrito por Don Maximino Rodríguez, y garantizado por Don Juan Ayguabibas y Don José López, á favor de dicha Caja, por setecientos treinta pesos cuarenta y tres centavos, vencido el

treinta de Septiembre de mil ochocientos noventa y ocho; solicitando el embargo preventivo contra los bienes del fiador Ayguabibas, en cuanto bastaran á cubrir la cantidad adeudada, intereses y costas; y el reconocimiento de las firmas por el deudor y fiadores.—Resultando: Que en auto de catorce de Marzo de mil novecientos, se acordó la citación del deudor y fiadores, y se decretó de cuenta y riesgo de la sociedad acreedora el embargo preventivo solicitado contra los bienes de Ayguabibas, cuyo embargo se llevó á cabo en diez y seis del propio mes, en un cuerpo de terreno á café, chamalucos y pastos, sito en el barrio de Rosario-bajo, del término municipal de San Germán; y se tomó anotación preventiva en el Registro en veinte y nueve del citado mes y año.—Resultando: Que reconocida la firma por el deudor, y declarado confeso el fiador Ayguabibas, se despachó mandamiento de ejecución por auto de dos de Julio del año de mil novecientos, ratificándose el embargo preventivo practicado, que, tasada la finca y traída certificación del Registro de la Propiedad, en que consta que la anotación del embargo se verificó antes que la inscripción de dominio de la finca, á favor de sus actuales dueños, Sres. Sabater y Cª, se notificó á éstos el estado del juicio, según el artículo 71 de la Ley Hipotecaria, y se sacó la finca á pública subasta por el término y con las formalidades del caso, sin que en el día y hora señalados para el remate, se presentare licitador alguno.—Resultando: Que los Sres. Sabater y Cª, por medio de su representante el Letrado Cornwell, acuden ante este Tribunal, acompañando certificación librada por el Secretario de la Corte de Distrito de los Estados Unidos, creditiva de que en seis de Marzo de mil novecientos, en el juicio promovido por los Sres. Sabater y Cª contra Don Juan Ayguabibas, obtuvieron los demandantes mandamiento de embargo contra la finca; que ese embargo se practicó conforme á las reglas de la Corte Provisional de los Estados Unidos y quedó definitivamente terminado el día ocho de Marzo de mil novecientos; y la propiedad ó finca embargada se vendió posteriormente por orden de la Corte

Provisional de los Estados Unidos del Departamento de Puerto Rico, de conformidad con los trámites de dicha Corte; pidiendo los Sres. Sabater y Cª se revoque la disposición mandando sacar la propiedad á pública subasta, y se reconozca el derecho y la autoridad de la Corte Provisional de los Estados Unidos para el Departamento de Puerto Rico, de acuerdo con la ley."—En el auto de treinta y uno de Agosto de mil novecientos uno.—"Resultando: Que en providencia de diez y seis de Abril de este año, dictada por el Tribunal á causa de no haberse expresado por la parte ejecutante, que estaban corrientes los títulos de propiedad, se declaró no haber lugar á la subasta de los bienes embargados, é insistiendo el Gerente de la Caja de Economías y Préstamos de San Germán, por conducto de su Letrado en todo lo contrario, se acordó por otra providencia posterior, de veinte y nueve de dicho mes, que á fin de acreditarse la certeza de la manifestación que hiciera el ejecutado en el acto del requerimiento, para la exhibición de títulos de la finca de que son actuales dueños los Sres. Sabater y Cª, que la tienen inscrita á su nombre, y sobre cuya finca pesa el embargo decretado por esta Corte, y para averiguar, además, el concepto de la adquisición, se trajese certificado literal expedido por el Registrador de la Propiedad de San Germán, de todos los asientos relativos á la finca embargada.—Resultando: Que en la certificación expedida por el Registrador, sólo aparece que en el procedimiento instruído ante la Corte Provisional de los Estados Unidos de América en esta Isla, el Marshal, Oficial Ejecutivo de la mencionada Corte, Mr. Samuel C. Bothwell, en cumplimiento de una orden de la misma, de fecha tres de Abril del corriente año, embargó como de la pertenencia de Don Juan Ayguabibas, la finca disputada, y para responder de la cantidad que expresa, y tuvo efecto el remate el quince de Octubre del año pasado, habiéndose hecho la adjudicación á favor de los Sres. Sabater y Cª que tienen esa finca registrada á su nombre.—Resultando: Que por aparecer

del aludido certificado del Registro, que la orden de embargo de la Corte Provisional de los Estados Unidos, decretada en tres de Abril del pasado año, ó sea con posterioridad á la que recayó por la de este Distrito, no vió inconveniente el Tribunal, en virtud de la continuada gestión de la Caja de Economías y Préstamos de San Germán, de acceder á lo que pedía, hasta que se presentó en autos por el Abogado Mr. Frederick L. Cornwell, una certificación del Secretario de la Corte de Distrito de los Estados Unidos, que se mandó traducir por el intérprete de este Tribunal, y de cuya traducción se desprende que en seis de Marzo del año de Nuestro Señor de mil novecientos, obtuvieron los demandantes Sabater y Cª mandamiento de embargo contra la finca que se describe, que dicho embargo se efectuó conforme á las reglas de la Corte Provisional de los Estados Unidos y quedó definitivamente terminado el día ocho de Marzo del año de Nuestro Señor de mil novecientos, siendo vendida la propiedad posteriormente por orden de la Corte Provisional de los Estados Unidos del departamento de Puerto Rico, de conformidad con los trámites de dicha Corte, y, Resultando: Que el Letrado Don Antonio Manrique de Lara, á nombre del Director de la Caja de Economías y Préstamos de San Germán, presentó escrito en doce de Marzo de mil novecientos, pidiendo embargo, que se decretó el catorce y se llevó á cabo el diez y seis ante la Secretaria de este Tribunal, á gestión de la parte acreedora que designó los bienes.—2º Resultando: Que el recurrente Ulises E. Giménez, Director de la Caja de Economías y Préstamos de San Germán, ha interpuesto contra dichos autos recurso por quebrantamiento de forma, bajo el párrafo 78 de la Orden General número 118, serie de mil ochocientos noventa y nueve, y bajo los artículos 1,687, 1,688, 1,689 de la Ley de Enjuiciamiento Civil, alegando que se halla comprendido en el párrafo 2º del artículo 1,691 de dicha ley, por falta de personalidad en los Sres. Sabater y Cª, según lo dispuesto en dicho artículo.—3º Resultando: Que Sabater

y Cª han contestado el recurso interpuesto por dicho Gimé-
nez, Director de la Caja de Economías y Préstamos de San
Germán, diciendo que no hay lugar á la admisión de dicho
recurso, por cuanto la falta de personalidad no puede
alegarse contra los recurridos, puesto que esta sólo se refiere
á las personas que hayan sido privadas de sus derechos
civiles, y no á aquéllas que no tengan acción para pedir;
y además que los artículos 1,530 y siguientes, de la Ley de
Enjuiciamiento Civil, que el recurrente cita como infrin-
gidos, no tratan de la manera de ventilar las demandas de
tercería, sino que ésta está prescrita en el artículo 487 de la
misma ley, mientras que aquéllos se refieren á la decisión
del Tribunal Supremo de España, del diez y nueve de
Diciembre de mil ochocientos ochenta y tres, en que se
declara que los artículos primeramente citados, no pueden
servir de fundamento para el recurso de casación, por ser sus
disposiciones puramente formularias; y á las decisiones del
Tribunal Supremo de España, de veinte y cinco de Sep-
tiembre de mil ochocientos ochenta y tres y de veinte y uno
de Abril y catorce de Mayo de mil ochocientos ochenta y
cuatro, que determinan que la falta de personalidad ó de
capacidad para comparecer en juicio, á que se refiere el
artículo 1,691, caso 2?, es la que nace de privación de pleno
ejercicio de derechos civiles. y no debe confundirse con la
falta de acción ó de derecho para pedir, y no autoriza el re-
curso por quebrantamiento de forma.—Visto, siendo Ponente
el Honorable James H. McLeary, Juez Asociado de este
Tribunal.—1? Considerando: Que cuando no se alega la
falta de personalidad fundándola en que no tiene el deman-
dante acción para pedir, esto es una cuestión de fondo y el
recurso es improcedente, porque la falta de personalidad de
que trata el artículo 1,691, caso 2?, es la que nace de priva-
ción de pleno ejercicio de derechos civiles, según doctrina
constante del Tribunal Supremo de España, contenida entre
otras sentencias, en las de veinte y cinco de Septiembre de
mil ochocientos ochenta y tres, veinte y uno de Abril y

catorce de Mayo de mil ochocientos ochenta y cuatro.—
2º Considerando : Que, por consiguiente, no puede soste-
nerse el presente recurso por el motivo en que está fundado.
—Fallamos :   Que debèmos declarar y declaramos no haber
lugar al recurso de casación por quebrantamiento de forma,
interpuesto contra los autos dictados por el Tribunal de Distri-
to de Mayagüez, en quince de Julio y treinta y uno de Agosto
de mil novecientos uno, y que se consignan en el escrito de
recurso del Sr. Ulises Giménez, Director de la Caja de Econo-
mías y Préstamos de San Germán, al que condenamos en las
costas, ordenando asimismo, que se comunique esta resolu-
ción á dicho Tribunal, á los fines procedentes; dándose cuenta
oportunamente para sustanciar el recurso por infracción de
ley.—Así por esta nuestra sentencia, que se publicará en la
*Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figue-
ras.—Louis Sulzbacher.—J. H. McLeary.

Publicación :—Leída y publicada fué la anterior sentencia
por el Sr. James H. McLeary, Juez Asociado del Tribunal
Supremo, celebrando audiencia pública dicho Tribunal hoy,
á primero de Marzo de mil novecientos dos, de que como
Secretario certifico.—E. de J. López Gaztambide, *Secretario*.